**HAMMERMILL PAPER COMPANY, Appellant,**

v.

**GULF STATES PAPER CORPORATION, Appellee.**

**Patent Appeal No. 7181.**

United States Court of Customs and Patent Appeals.

Nov. 5, 1964.

Charles L. Lovercheck, Erie, Pa., for appellant.

Raphael Semmes, Washington, D. C. (G. Mallet Prevost, Washington, D. C., of counsel), for appellee.

Before RICH, Acting Chief Judge, MARTIN, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

RICH, Acting Chief Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board of the United States Patent Office, 135 USPQ 456, adhered to after a petition for reconsideration, in which the board sustained an opposition by Gulf States to registration of "HAMMERMILL E–Z CARRY PAK," Ser. No. 71,667, filed April 16, 1959; dismissed oppositions by Hammermill to the registration by Gulf States of "E–Z DUPLICATOR," Ser. No. 99,212, filed June 17, 1960, and "E–Z MIMEOGRAPH," Ser. No. 99,211, filed June 17, 1960; and sustained a petition by Gulf States to cancel Hammermill's registration of "E–Z PAPER PAK" on the Supplemental Register, Reg. No. 698,743, granted May 31, 1960. These proceedings were all consolidated and tried and appealed as one.

Hammermill appeals from the granting of the petition in Cancellation No. 7,591 and from the sustaining of Gulf States' Opposition No. 40,385. It expressly waived its appeal from the decision dismissing its two oppositions, Nos. 40,863 and 40,866.

The nub of the issue, as we glean it from the 75 pages of briefs, is likelihood of confusion as between Gulf States' admittedly prior marks "E–Z PAK" and "E–Z CARI" for paper bags, registered respectively as Reg. No. 625,877, April 24, 1956, and Reg. No. 629,101, June 19, 1956, and appellant's "HAMMERMILL E–Z CARRY PAK" and "E–Z PAPER PAK," used on carrying cases or boxes for so-called "fine" paper such as typewriter or duplicator paper.

The board thought confusion would be likely and, for the reasons sufficiently stated in the board's opinion, which both parties conceded at oral argument to be factually accurate, so do we.

In answer to appellant's arguments that "it will suffer irreparable damage if it is divested of its trademarks" and that "Hammermill will suffer irreparable damage if its trade-marks are cancelled" we point out that this proceeding has nothing to do with divestiture or cancellation *of trademarks*. We are concerned only with a refusal to *register* a mark and the cancellation of a *registration*. Appellant's right to use it is not before us.

The decision of the board is affirmed.

Affirmed.

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge Worley, pursuant to provisions of Section 294(d), Title 28, United States Code.